UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION

MICHAEL KUTZBACK, individually on behalf
Of themselves and other similiarly situated,

    Plaintiff,

v.

LMS INTELLIBOUND, LLC., a Foreign Limited
Liability Company and  CAPSTONE LOGISTICS,
LLC., a Domestic Limited Liability Company

    Defendants.
_____/

CASE NO.:

**JURY DEMAND**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Michael Kutzback ("Plaintiff"), on behalf of himself and other employees and former employees similarly situated, by and through their undersigned counsel, files this Complaint against Defendant, LMS INTELLIBOUND, LLC., a Foreign Limited Liability Company ("LMS"),  and CAPSTONE LOGISTIS, LLC., a Domestic Limited Liability Company ("CL"), and  in support thereof states as follows:

## JURISDICTION

1.    Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

2.    The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

**PARTIES**

3. At all times material hereto, Plaintiff was a resident within the jurisdiction of the Western District of Tennessee.

4. At all times material hereto, LMS was, and continues to be a Georgia Limited Liability Company, engaged in business in Tennessee.

5. At all times material hereto CL was a Domestic Limited Liability Company, engaged in business in Tennessee.

6. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

7. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA.

8. At all times material hereto, Defendants were the "employer" within the meaning of FLSA.

9. Defendant, LMS, was, and continues to be, the "employer" within the meaning of FLSA.

10. Defendant, CL, was, and continues to be, the "employer" within the meaning of FLSA.

11. At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

12. At all times material hereto, Defendants were, and continue to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

13. Based upon information and belief, the annual gross revenue of Defendants are and were in excess of $500,000.00 per annum for all relevant time periods.

14. At all times material hereto, Defendants, had more than two employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce. Specifically, Defendants had employees who regularly handled and unloaded items including produce, canned goods, dog food, baked goods, garden tools, household products, and cleaning products that had previously travelled through interstate commerce.

15. At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

16. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

17. The additional persons who may become Plaintiffs in this action are/were "Unloader" employees for Defendants, who held similar positions to Plaintiff and who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

18. At all times material hereto, the work performed by Plaintiff were directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

19. Defendants are third-party warehouse servicers and provide a full range of logistic services for companies in the warehouse, distribution, and manufacturing industries.

20. Defendants hired Plaintiff to work as non-exempt "Unloader" or "Lumper" (hereinafter "Unloader") in or about June 2011. Thereafter, Plaintiff worked as an Unloader from June 2011 to August 2012. It is solely during this period of time during which Plaintiff's claims accrued.

21. Throughout the time period in which Plaintiff was employed by Defendant as an "Unloader," Plaintiff's primary duty was unloading products from trucks.

22. At all times relevant to the claim, Plaintiff was employed by Defendant as an "Unloader," and was compensated on a commission basis, determined by the number and weight of the trucks unloaded.

23. During times relevant to the claim, Plaintiff worked in excess of forty (40) hours within a workweek.

24. However, Plaintiff was not properly compensated for all his overtime hours worked for that period.

25. Instead, Defendants systematically paid, and continues to pay, Plaintiff and other similarly situated "Unloaders" for substantially fewer hours than they actually worked.

26. At various material times throughout the duration of Plaintiff's employment as an "Unloader" for Defendants, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week as required by the FLSA.

27. Defendants have violated Title 29 U.S.C. §207 from, at a minimum, June 2011 to present in that:

    a. Plaintiff worked in excess of forty (40) hours per week in at least some weeks during his period of employment as an Unloader with Defendants;

    b. No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half

        times Plaintiff's regular rate for all those hours worked in excess of forty (40) hours per work week while Plaintiff worked as an Unloader for Defendants and as provided by the FLSA; and

    c.    Defendants have failed to maintain proper time records as mandated by the FLSA.

28.    Plaintiff has retained the law firm of MORGAN & MORGAN, P.A., to represent Plaintiff in the litigation and have agreed to pay the firm a reasonable fee for its services.

29.    Prior to filing suit, Plaintiff, through counsel, demanded his rightful wages due under the FLSA. However, Defendants have refused to pay Plaintiff his lawful wages.

## COLLECTIVE ACTION ALLEGATIONS

30.    Plaintiff and the class members are/were all non-exempt "Unloaders" or "Lumpers" of Defendants and performed the same or similar job duties as one another.

31.    All of these non-exempt individuals were and are paid in the same manner, on a commission basis.

32.    Thus, the class members are owed overtime wages for the same reasons as Plaintiff.

33.    Defendants' failure to compensate its "Unloaders" and other employees employed in similar positions for hours worked in excess of forty (40) hours in a workweek as required by the FLSA results from a policy or practice applicable to all of Defendants' non-exempt "Unloaders" and employees employed in similar positions nationwide.

34.    This policy or practice was applicable to Plaintiff and the class members. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the

non-payment of overtime to Plaintiff applied and continues to apply to all class members. Accordingly, the class members are properly defined as:

> **All commission-only "Unloaders" or "Lumpers" who worked for Defendants, nationwide, within the last three years, who worked in excess of 40 hours in one or more workweeks and were not compensated at one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in one or more workweeks.**

35. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the class members.

36. Defendants did not act in good faith or reliance upon any of the following in formulating their pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

37. During the relevant period, Defendants violated the FLSA by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

38. Defendants have acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

39. Defendants have failed to maintain accurate records for Plaintiff and the class members' work hours in accordance with the law.

## COUNT I
## VIOLATION OF 29 U.S.C. §207
## <u>OVERTIME COMPENSATION</u>

40. Plaintiff realleges and reincorporate paragraphs 1 through 39 as if fully set forth

herein.

41. From approximately June 2011 to August 2012 and for the period of time in which Plaintiff was employed by Defendant as an "Unloader," Plaintiff worked in excess of forty (40) hours per week.

42. From approximately June 2011 to August 2012 and for the period of time in which Plaintiff was employed by Defendant as an "Unloader," Plaintiff was not properly compensated at the statutory rate of one and one-half times their regular rate of pay for the hours he worked in excess of forty (40) hours each work week.

43. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours while Plaintiff was employed by Defendant as an "Unloader."

44. At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

45. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per week when it knew, or should have known, such was, and is due for Plaintiff's work as an Unloader.

46. Defendants have failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

47. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered, and continue to suffer, damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

48. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

49. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees at a rate less than time and one half for their overtime hours.

50. Based upon information and belief, the employees and former employees of Defendants similarly situated to Plaintiff are/were not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks, because Defendants have failed to properly pay Plaintiff, and those similarly situated to him, proper overtime wages at time and one half their regular rate of pay for such hours.

51. Plaintiff demands a trial by jury.

## COUNT II
## DECLARATORY RELIEF

52. Plaintiff realleges and reincorporate paragraphs 1 through 51 as if fully set forth herein.

53. Plaintiff and Defendants have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331, as a federal question exists.

54. The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. §§ 2201-2202.

55. Plaintiff may obtain declaratory relief.

56. Defendants employed Plaintiff.

57. Defendants are an enterprise.

58. Plaintiff was individually covered by the FLSA.

59. Plaintiff is entitled to overtime compensation pursuant to 29 U.S.C. §207(a)(1).

60. Defendants did not keep accurate time records pursuant to 29 U.S.C. §211(c) and 29 C.F.R. Part 516.

61. Defendants did not rely on a good faith defense in its failure to abide by the provisions of the FLSA.

62. Plaintiff is entitled to an equal amount of liquidated damages.

63. It is in the public interest to have these declarations of rights recorded.

64. Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations at issue.

65. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

66. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

    a. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week while employed as an Unloader;

    b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    c. Awarding Plaintiff pre-judgment interest;

    d. Granting Plaintiff an Order, on an expedited basis, allowing them to send Notice of this action, pursuant to 216(b) and/or FRCP 23, to those similarly

situated to Plaintiff;

e. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the overtime wage provisions of the FLSA; Defendants failed to keep accurate time records, Defendants have a legal duty to pay Plaintiff overtime pursuant to the FLSA, Defendants failed to prove a good faith defense, and Plaintiff is entitled to overtime wages, liquidated damages, and reasonable attorneys' fees pursuant to the FLSA;

f. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demand trial by jury on all issues so triable as a matter of right by jury.

DATED this 2nd day of October, 2013.

Respectfully Submitted,

s/ MICHAEL HANNA
MICHAEL HANNA, Esquire
Florida Bar No.: 85035
ANDREW FRISCH, Esquire
Florida Bar No.: 27777
Morgan & Morgan, P.A.
600 N. Pine Island Rd., Suite 400
Plantation, FL 33324
Telephone: (954) 318-0268
Facsimile: (954) 333-3515
Email: MHanna@forthepeople.com
E-mail: AFrisch@forthepeople.com

*Trial Counsel for Plaintiff*