UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION

MICHAEL KUTZBACK, Individually on behalf
of himself and others similarly situated,

    Plaintiff,

v.                                                          Case No. 2:13-cv-02767

LMS INTELLIBOUND, LLC, a Foreign Limited
Liability Company and CAPSTONE LOGISTICS,
LLC, a Domestic Limited Liability Company,

    Defendants.

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant LMS Intellibound, LLC[1] ("Defendant"), by and through counsel, hereby submits its Memorandum of Law in Support of Motion to Dismiss Plaintiff Michael Kutzback's ("Plaintiff") Complaint.

Plaintiff's Complaint alleges, on behalf of himself and others similarly situated, a cause of action for unpaid overtime under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). Plaintiff's Complaint fails, however, to set forth facts sufficient to establish his FLSA claim, and therefore does not meet the pleading standards set forth by the Federal Rules of Civil Procedure and the United States Supreme Court. As a result, Plaintiff's Complaint should be dismissed in its entirety.

### I.    INTRODUCTION

Plaintiff brings this putative collective action based on allegations that "[a]t various material times throughout the duration of Plaintiff's employment as an 'Unloader' for

---

[1] Plaintiff has not served Defendant Capstone Logistics, LLC with a Summons and Complaint in this matter. However, to the extent that a responsive pleading is required, Defendant Capstone Logistics, LLC adopts the Motion to Dismiss as filed by Defendant LMS Intellibound, LLC.

Defendants, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week." (Complaint, Dkt. No. 1, ¶ 26.) In support, Plaintiff makes only the following allegation: "Defendants systemically paid, and continue[] to pay, Plaintiff and other similarly situated 'Unloaders' for substantially fewer hours than they actually worked." (*Id.*, ¶ 25.)

Plaintiff does not provide any supporting factual detail. He does not state how or why Defendant allegedly paid him "for substantially fewer hours than [he] actually worked." (*Id.*) Plaintiff does not state whether Defendant made improper or unlawful deductions from his hours worked, or otherwise altered or modified his time records. Likewise, Plaintiff does not state whether he was required to work off the clock and, if so, what work he allegedly performed off the clock or who instructed him to perform such work off the clock. Plaintiff does not even state how many hours he allegedly worked, or how many hours he allegedly was not compensated for. Instead, Plaintiff purports to bring a nationwide collective action implicating thousands of putative class members based only on the conclusory and self-serving allegation that "Plaintiff was not properly compensated at the statutory rate of one and one-half times [his] regular rate for the hours he worked in excess of forty (40) hours each work week." (*Id.*, ¶ 42.)

Plaintiff's Complaint fails to set forth facts sufficient to establish his FLSA claim. Plaintiff's Complaint should therefore be dismissed in its entirety.

## II. ARGUMENT

### A. Legal Standard.

To withstand a motion to dismiss, the burden is on the plaintiff to allege facts that raise a right to relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "The plaintiff must supply 'more than labels and conclusions, and a formulaic recitation

of the elements will not do.'" *Loyde v. Shelby County*, Civ. No. 12-2878, 2013 U.S. Dist. LEXIS 147158, at *2 (W.D. Tenn. Oct. 11, 2013) (quoting *id.*). "In addition, 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.'" *Id.* at **2-3.

Rather, the "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Andrews v. Ohio,* 104 F.3d 803, 806 (6th Cir. 1997) (citing *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993)). As the Supreme Court explained in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009):

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

This is particularly true where, as here, Plaintiff seeks to bring a "potentially massive . . . controversy" through a nationwide collective action implicating thousands of putative class members. *See Twombly*, 550 U.S. at 558.

Plaintiff must "state a claim to relief that is plausible on its face." *Id.* at 570. Plaintiff's Complaint fails to meet this basic pleading burden.

### B.     Plaintiff's FLSA Claim Fails to State a Claim Upon Which Relief May Be Granted.

"To state a claim under 29 U.S.C. § 216(b), a plaintiff must allege that: (1) the defendant was 'engaged in commerce' as that phrase is defined by the FLSA; (2) he was an 'employee' as defined by the FLSA; and (3) he worked more than forty hours in a week but was not paid overtime compensation for the hours worked in excess of forty." *Mell v. GNC Corp.*, Civ. No.

10-945, 2010 U.S. Dist. LEXIS 118938, at *15 (W.D. Pa. Nov. 9, 2010) (citing *Zhong v. August Corp.*, 498 F. Supp.2d 625, 628 (S.D. N.Y. 2007)). Even assuming for purposes of this Motion that Plaintiff can establish the first two elements, Plaintiff fails to "include factual allegations adequate to raise a right to relief above the speculative level" with respect to the third element. *Twombly*, 127 S. Ct. at 1965. Plaintiff's FLSA claim therefore fails.

1. **Plaintiff Does Not Set Forth Sufficient Factual Detail to Sustain a Claim Under the FLSA.**

Plaintiff alleges simply that "Defendants systemically paid, and continue[] to pay, Plaintiff and other similarly situated 'Unloaders' for substantially fewer hours than they actually worked." (Complaint, ¶ 25.) As numerous courts have held, such allegations fail to state a claim for relief under the FLSA. *See*, *e.g.*, *Zhong*, 498 F. Supp.2d at 630 ("Simply stating that [a plaintiff] w[as] not paid for overtime work does not sufficiently allege a violation of Section 7 of the FLSA"); *Jones v. Casey's General Stores*, 538 F. Supp.2d 1094, 1102 (S.D. Iowa 2008) (allegations that the defendant "regularly and repeatedly" failed to pay plaintiff for all hours worked were "implausible on [their] face"); *Villegas v. J.P. Morgan Chase & Co.*, Civ. No. 09-00261, 2009 U.S. Dist. LEXIS 19265, at **13-14 (N.D. Cal. March 9, 2009) (allegation that the plaintiff did not receive "properly computed overtime wages" did not satisfy the minimal pleading requirements under *Twombly* and the FLSA); *Harding v. Time Warner, Inc.*, Civ. No. 09-1212, 2010 U.S. Dist. LEXIS 5896, at **12-15 (S.D. Cal. Jan. 26, 2010) (allegations that the employer failed to "pay and properly calculate overtime" and "keep accurate records of all hours worked by its employees" fail to satisfy federal pleading standards); *Anderson v. Blockbuster, Inc.*, Civ. No. 10-158, 2010 U.S. Dist. LEXIS 53854, at **6-7 (E.D. Cal. May 4, 2010) (allegations that plaintiff worked more than 40 hours per week and defendants "willfully failed to

pay all overtime" were "no more than conclusions [and] . . . not entitled to the assumption of truth").

In *Mell*, the court considered whether allegations that the defendant "calculates overtime at a different rate for each work week with varying hours and varying regular pay" and that the defendant "had a policy or practice of requiring or allowing Plaintiffs and other members of the putative class to work 'off the clock' during lunch periods, scheduled overtime, and 'additional hours and shifts'" were sufficient to state a claim for relief under the FLSA. 2010 U.S. Dist. LEXIS 118938, at **20-21. The court concluded that the plaintiff's allegations were insufficient because "Plaintiffs have failed to provide *any* factual allegations to support [their] claim[s]." *Id.* at *22 (emphasis in original).

> For example, they provide no information about who advised them of this policy, when they were told they were required to work "off the clock" or what the work consisted of, how the policy was imposed, approximately how many hours each week they worked without being paid, and whether either Plaintiff or any other . . . employee complained to a supervisor about the practice and, if so, what [Defendant's] response was. Plaintiffs provide no facts about the timekeeping practices of [Defendant], for instances, was there literally a time clock that employees used to record their time or was it simply understood that regular working hours would be from, say, 10 a.m. to 6 p.m.?

*Id.* at **22-23. Accordingly, the court found "Plaintiffs' unsupported claims of a 'pervasive system to control overtime expense' to be exactly the type of conclusory allegation rejected by the *Twombly* court." *Id.* at *25.

Here, Plaintiff actually provides less factual detail than in *Mell*. *See id.* Indeed, Plaintiff does not identify how Defendant allegedly violated the FLSA. He does not state whether Defendant made improper or unlawful deductions from his hours worked, or otherwise altered or modified his time records. Likewise, Plaintiff does not state whether he was required to work off the clock. Instead, Plaintiff simply makes the conclusory and self-serving allegation that

5

"Defendants systemically paid, and continue[] to pay, Plaintiff and other similarly situated 'Unloaders' for substantially fewer hours than they actually worked." (Complaint, ¶ 25.)

As a matter of law, Plaintiff's bare-bones allegations are not sufficient to establish his FLSA claim. *See Villegas*, 2009 U.S. Dist. LEXIS 19265, at **13-14 (dismissing FLSA claim because the mere assertion that the plaintiff did not receive "properly computed wages" did not satisfy the minimal pleading requirements under *Twombly* and the FLSA). Plaintiff's Complaint should therefore be dismissed.

### 2. Plaintiff Does Not Allege How Many Hours He Worked

Plaintiff's FLSA claim also fails because Plaintiff does not allege how many hours he worked and how much overtime compensation he contends is owed. In *Zhong*, the court held that "where a plaintiff alleges violations of the FLSA's minimum and overtime wage provisions, the complaint should, at least approximately, allege the hours worked for which wages were not received." 498 F. Supp.2d at 628. Conclusory allegations that a plaintiff "regularly worked overtime hours" do not satisfy federal pleading standards. *See id.* at 630; *see also*, *Pruell v. Caritas Christi*, 678 F.3d 10, 12 (1st Cir. 2012) (dismissing complaint where plaintiff alleged only that she "regularly worked" overtime for which she was not properly compensated); *Lundy v. Catholic Health System of Long Island, Inc.*, 711 F.3d 106, 114 (2nd Cir. 2013) ("in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours"); *St. Croix v. Genentech, Inc.*, Civ. No 8;12-cv-891, 2012 U.S. Dist. LEXIS 86742, at *5 (M.D. Fla. June 22, 2012) (granting motion to dismiss where the Complaint "provides no dates or date ranges during which [the plaintiff] worked overtime or any other factual basis on which this Court can make a 'just and reasonable inference' as to the amount and extent of her work").

Here, Plaintiff makes no effort to plead facts alleging how many hours he worked or how much overtime compensation he contends is owed.  Rather, Plaintiff relies on the wholly conclusory assertion that "for the period of time in which he was employed by Defendant as an 'Unloader,' Plaintiff worked in excess of forty (40) hours per week."  (Complaint, ¶¶ 23, 40.)  This "naked assertion devoid of further factual enhancement" is insufficient to state a claim for relief.  *Iqbal*, 129 S. Ct. at 1949.  Plaintiff's FLSA claim must be dismissed for this additional reason.  *See Zhong*, 498 F. Supp.2d at 628-30.

      **C.**    **Plaintiff Does Not Allege Any Facts in Support of His Claim that Defendant "Willfully" Violated the FLSA.**

Plaintiff further contends that Defendant's alleged violations of the FLSA were "willful and/or showed reckless disregard."  (Complaint, ¶ 45.)  "To state a claim for a willful violation of the FLSA, more than an ordinary violation must be alleged."  *Mell*, 2010 U.S. Dist. LEXIS 118938, at *25.  "[I]t is insufficient to merely assert that the employer's conduct was willful; the Court must look at the underlying factual allegations in the complaint to see if they could support more than an ordinary FLSA violation."  *Mitchell v. C&S Wholesale Grocers, Inc.*, Civ. NO. 10-2354, 2010 U.S. Dist. LEXIS 68269, at *12 (D. N.J. July 8, 2010).

Here, Plaintiff alleges *no* facts to support a willful violation of the FLSA.  *See Mell,* 2010 U.S. Dist. LEXIS 118938, at *26 ("Here, however, there are no factual allegations which would support a claim that the violations were willful, for example, reports of complaints to supervisors about having to work off the clock which were rebuffed or ignored").  Indeed, in charging Defendant with willfully violating the FLSA, Plaintiff does nothing more than assert "legal conclusions [that] need not be taken as true merely because they are cast in the form of factual allegations."  *Twombly*, 127 S. Ct. at 1964-65.  As the Supreme Court has held, "a plaintiff's obligation to provide the grounds for his entitlement to relief requires more than labels and

7

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Plaintiff's abject failure to allege any facts whatsoever in support of his contention that Defendant willfully violated the FLSA is fatal to his claim.

### III.    CONCLUSION

Plaintiff does not set forth facts sufficient to establish his FLSA claim.  As such, Plaintiff does not meet the pleading standards set forth by the Federal Rules of Civil Procedure and the United States Supreme Court.  Plaintiff's Complaint should be dismissed in its entirety.

Respectfully submitted, this 1st day of November, 2013.

**FISHER & PHILLIPS LLP**

By: /s/ Craig A. Cowart
Craig A. Cowart (BPR No. 017316)
1715 Aaron Brenner Dr., Suite 312
Memphis, TN  38120
(901) 526-0431 (telephone)
(901) 526-8183 (facsimile)
ccowart@laborlawyers.com

Matthew R. Simpson (Georgia Bar No. 540260)
*Application for Admission Pro Hac Vice Pending*
1075 Peachtree Street NE, Suite 3500
Atlanta, Georgia 30309
(404) 231-1400 (Telephone)
(404) 240-4249 (Facsimile)
msimpson@laborlawyers.com

Attorneys for Defendant

### CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2013, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which a sent copy of the same to all counsel of record.

/s/Craig A. Cowart
Craig A. Cowart