UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION

MICHAEL KUTZBACK, individually on behalf
Of themselves and other similiarly situated,

    Plaintiff,

v.

LMS INTELLIBOUND, LLC., a Foreign Limited
Liability Company and  CAPSTONE LOGISTICS,
LLC., a Domestic Limited Liability Company

    Defendants.
_____/

CASE NO.: 2:13-cv-02767-JTF-cgc

**JURY DEMAND**

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Michael Kutzback ("Plaintiff"), on behalf of himself and other employees and former employees similarly situated, by and through their undersigned counsel, files this Amended Complaint [1] against Defendants, LMS INTELLIBOUND, LLC., a Foreign Limited Liability Company ("LMS"), and CAPSTONE LOGISTIS, LLC., a Domestic Limited Liability Company ("CL") (hereinafter collectively referred to as "Defendants"), and states:

### JURISDICTION

1.    Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

2.    The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

### PARTIES

3.    At all times material hereto, Plaintiff was a resident within the jurisdiction of the

---

[1] Pursuant to Fed.R.Civ.P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Here, Defendants provided Plaintiffs with written consent and do not oppose the filing of this Amended Complaint.

Western District of Tennessee.

4. At all times material hereto, LMS was, and continues to be a Georgia Limited Liability Company, engaged in business in Tennessee.

5. At all times material hereto CL was a Domestic Limited Liability Company, engaged in business in Tennessee.

6. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA, by virtue of the fact that he regularly and customarily received/unloaded interstate shipments on behalf of Defendants and their customers, as part of his employment with Defendants, throughout his employment.

7. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA.

8. At all times material hereto, Defendants were the "employer" within the meaning of FLSA.

9. Defendant, LMS, was, and continues to be, the "employer" within the meaning of FLSA.

10. Defendant, CL, was, and continues to be, the "employer" within the meaning of FLSA.

11. At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA, by virtue of the nature of their business (receiving/unloading interstate shipments of goods and materials) and their simultaneous operation within multiple states at all times relevant hereto.

12. At all times material hereto, Defendants were, and continue to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

13. Based upon information and belief, the annual gross revenue of Defendants is and was

in excess of $500,000.00 per annum for all relevant time periods.

14. At all times material hereto, Defendants, had more than two employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce. Specifically, Defendants had employees who regularly handled and unloaded items including produce, canned goods, dog food, baked goods, garden tools, household products, and cleaning products that had previously travelled through interstate commerce.

15. At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

16. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

17. The additional persons who may become Plaintiffs in this action are/were "Unloader" (also known as "Lumper") employees for Defendants, who held similar positions to Plaintiff, were similarly compensated on a commission (a/k/a production) basis who had:

    a. workweeks where they were compensated at a rate less than the federal minimum wage; and/or

    b. worked in excess of forty (40) hours during one or more workweeks during the relevant time periods but did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

18. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

19. Defendants are third-party warehouse servicers and provide a full range of logistic services for companies in the warehouse, distribution, and manufacturing industries.

20. According to their website, Defendants operate in 239 locations across the nation.

21. Defendants hired Plaintiff to work as non-exempt "Unloader" or "Lumper" (hereinafter "Unloader") in or about June 2011.

22. Thereafter, Plaintiff worked as a non-exempt Unloader from June 2011 to August 2012. It is solely during this period of time during which Plaintiff's claims accrued.

23. Throughout the time period in which Plaintiff was employed by Defendants as an "Unloader," Plaintiff's primary duty was unloading products, materials and/or good from trucks on behalf of Defendants and their clients.

24. At all times relevant to the claim, Plaintiff was employed by Defendants as an "Unloader," and was compensated on a commission (a/k/a production) basis, determined by the number and weight of the trucks unloaded.

25. During times relevant to the claim, Plaintiff worked in excess of forty (40) hours within a workweek.

26. However, Plaintiff was not properly compensated for all his overtime hours worked during the relevant periods of time.

27. Instead, Defendants systematically paid, and continue to pay, Plaintiff and other similarly situated "Unloaders" for substantially fewer hours than they actually worked.

28. Defendants' "Team Leads" and/or Managers systematically and consistently clocked-out its Unloaders while still working; resulting in off-the-clock hours worked.

29. Defendants' pattern and practice of clocking-out Unloaders while still working is a nationwide practice.

30. Further, Defendants' managers received, and continue to receive bonuses that are in part based on labor costs.

31. This off-the-clock work also resulted, and continues to result in Unloaders' wages falling beneath the statutory minimum wage in one or more workweeks.

32. At various material times throughout the duration of Plaintiff's employment as an "Unloader" for Defendants, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week as required by the FLSA.

33. At various material times throughout the duration of Plaintiff's employment as an "Unloader" for Defendants, Defendants failed to pay Plaintiff at least the federal minimum wage in one or more workweeks.

34. Defendants have violated Title 29 U.S.C. §206 and §207 from, at a minimum, June 2011 to present in that:

   a. Plaintiff worked in excess of forty (40) hours per week in at least some weeks during his period of employment as an Unloader with Defendants;

   b. No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for all those hours worked in excess of forty (40) hours per work week while Plaintiff worked as an Unloader for Defendants and as provided by the FLSA;

   c. Defendants failed to pay Plaintiff at least minimum wage in one or more workweeks in violation of the FLSA; and

   d. Defendants have failed to maintain proper time records as mandated by the FLSA.

35. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A., to represent Plaintiff in the litigation and have agreed to pay the firm a reasonable fee for its services.

36. Prior to filing suit, Plaintiff, through counsel, demanded his rightful wages due under

the FLSA. However, Defendants have refused to pay Plaintiff his lawful wages.

## COLLECTIVE ACTION ALLEGATIONS

37. Plaintiff and the class members are/were all non-exempt "Unloaders" or "Lumpers" of Defendants and performed the same or similar job duties as one another.

38. All of these non-exempt individuals were and are paid in the same manner, on a by-the-truck or piece-rate basis.

39. Defendants uniformly require all "Unloaders" in the proposed class to work off-the-clock in the aforementioned manner, thus failing to pay them their FLSA-mandated minimum wages and/or overtime wages.

40. Thus, the class members are owed minimum wage and overtime wages for the same reasons as Plaintiff.

41. Defendants' failure to compensate its "Unloaders" and other employees employed in similar positions for hours worked in excess of forty (40) hours in a workweek and/or at a rate at least equivalent to the federal minimum wage in one or more workweeks as required by the FLSA results from a policy or practice applicable to all of Defendants' non-exempt "Unloaders" and employees employed in similar positions nationwide.

42. This policy or practice was applicable to Plaintiff and the class members. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime to Plaintiff applied and continues to apply to all class members. Accordingly, the class members are properly defined as:

> **All production-only "Unloaders" (a/k/a "Lumpers") who worked for Defendants, nationwide, within the last three years, who worked in excess of 40 hours in one or more workweeks and were not compensated at one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in one or more workweeks and/or were not compensated at a rate at least equivalent to the federal minimum wage in one or more workweeks as required by the FLSA.**

43. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the class members.

44. Specifically, despite the fact that numerous "Unloaders" brought Defendants' aforementioned illegal policies and FLSA violations to Defendants' attention throughout their employ, Defendants' refused to pay Plaintiff and the similarly situated "Unloaders" their proper compensation as required by the FLSA.

45. Defendants did not act in good faith or reliance upon any of the following in formulating their pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

46. During the relevant period, Defendants violated the FLSA by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

47. During the relevant period, Defendants violated the FLSA by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, as aforesaid, for one or more workweeks without compensating such employees for their work at a rate at least equivalent to the federal minimum wage in or one or more workweeks.

48. Defendants' failure to properly compensate employees at a rate equal to or greater than minimum wage as required by the FLSA, and/or rate of at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek, results from Defendants' commission (also known as production) payment policy or practice that applies to all similarly-situated employees, nationwide.

49. Defendants have acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

50. Defendants have failed to maintain accurate records for Plaintiff and the class members' work hours in accordance with the law.

## COUNT I
## VIOLATION OF 29 U.S.C. §207
## OVERTIME COMPENSATION

51. Plaintiff realleges and reincorporate paragraphs 1 through 50 as if fully set forth herein.

52. From approximately June 2011 to August 2012 and for the period of time in which Plaintiff was employed by Defendant as an "Unloader," Plaintiff worked in excess of forty (40) hours per week.

53. From approximately June 2011 to August 2012 and for the period of time in which Plaintiff was employed by Defendant as an "Unloader," Plaintiff was not properly compensated at the statutory rate of one and one-half times their regular rate of pay for the hours he worked in excess of forty (40) hours each work week.

54. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours while Plaintiff was employed by Defendant as an "Unloader."

55. At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

56. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per week when it knew, or should have known, such was, and is due for Plaintiff's work as an Unloader.

57. Defendants have failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

58. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered, and continue to suffer, damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

59. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

60. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§ 516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees at a rate less than time and one half for their overtime hours.

61. Based upon information and belief, the employees and former employees of Defendants similarly situated to Plaintiff are/were not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks, because Defendants have failed to properly pay Plaintiff, and those similarly situated to him, proper overtime wages at time and one half their regular rate of pay for such hours.

62. Plaintiff demands a trial by jury.

## COUNT II
## MINIMUM WAGE VIOLATION UNDER FLSA

63. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-62 as if fully set forth herein.

64. Plaintiff was entitled to be paid minimum wage for all weeks/hours he worked during his employment with Defendants as an Unloader.

65. Defendants failed to pay Plaintiff minimum wage for each week he worked for

Defendant.

66. Plaintiff has demanded proper compensation for one or more weeks of work with Defendants, but Defendants have refused and/or failed to compensate him for same. As a result of Defendants' actions in this regard, Plaintiff has not been paid the minimum wage during one or more weeks of employment with Defendants.

67. Defendants had specific knowledge that it was paying sub-minimum wages to Plaintiff, but still failed to pay Plaintiff at least minimum wages.

68. Defendants willfully failed to pay Plaintiff the Federal minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

69. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiffs have been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

## COUNT III
## DECLARATORY RELIEF

70. Plaintiff realleges and reincorporate paragraphs 1 through 69 as if fully set forth herein.

71. Plaintiff and Defendants have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331, as a federal question exists.

72. The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. §§ 2201-2202.

73. Plaintiff may obtain declaratory relief.

74. Defendants employed Plaintiff.

75. Defendants are an enterprise.

76. Plaintiff was individually covered by the FLSA.

77. Plaintiff is entitled to overtime compensation pursuant to 29 U.S.C. §207(a)(1).

78. Defendants did not keep accurate time records pursuant to 29 U.S.C. §211(c) and 29 C.F.R. Part 516.

79. Defendants did not rely on a good faith defense in its failure to abide by the provisions of the FLSA.

80. Plaintiff is entitled to an equal amount of liquidated damages.

81. It is in the public interest to have these declarations of rights recorded.

82. Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations at issue.

83. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

84. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

   a. Awarding Plaintiff minimum wage compensation in the amount due to him for workweeks Plaintiff worked as an Unloader but was not compensated a a rate equivalent to the federal minimum wage;

   b. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week while employed as an Unloader;

   c. Awarding Plaintiff liquidated damages in an amount equal to the minimum wage and/or overtime award;

   d. Awarding Plaintiff pre-judgment and/or post-judgment interest;

   e. Granting Plaintiff an Order, on an expedited basis, allowing them to send Notice of this action, pursuant to 216(b), to those similarly situated to Plaintiff;

f. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the overtime wage provisions and/or minimum wage provisions of the FLSA; Defendants failed to keep accurate time records, Defendants have a legal duty to pay Plaintiff overtime and/or minimum wage pursuant to the FLSA, Defendants failed to prove a good faith defense, and Plaintiff is entitled to overtime wages, minimum wages, liquidated damages, and reasonable attorneys' fees pursuant to the FLSA;

g. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

h. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demand trial by jury on all issues so triable as a matter of right by jury.

DATED this 3rd day of January, 2014.

Respectfully Submitted,

s/ MICHAEL HANNA
MICHAEL HANNA, Esquire
Florida Bar No.: 85035
ANDREW FRISCH, Esquire
Florida Bar No.: 27777
Morgan & Morgan, P.A.
600 N. Pine Island Rd., Suite 400
Plantation, FL 33324
Telephone: (954) 318-0268
Facsimile: (954) 333-3515
Email: MHanna@forthepeople.com
E-mail: AFrisch@forthepeople.com

*Trial Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of January 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which I understand will send a notice of electronic filing to all counsel of record.

s/ MICHAEL HANNA
Michael Hanna, Esquire