IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MICHAEL KUTZBACK,<br> Individually on behalf of himself and<br> others similarly situated,<br><br>         Plaintiff,<br><br>v.<br><br>LMS INTELLIBOUND, LLC.,<br> A Foreign Limited Liability Company,<br> and<br>CAPSTONE LOGISTICS, LLC.,<br> A Domestic Limited Liability Company<br><br>         Defendants. | Case No. 13-cv-2767-JTF-cgc |

ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS

Before the Court are Defendants' LMS Intellibound, LLC. and Capstone Logistics, LLC.'s Motions to Dismiss for Failure to State a Claim pursuant to Fed. R. Civ. P. 12(b)(6). The first motion was filed by Defendant LMS Intellibound, LLC., on November 1, 2013. (ECF No. 15). Plaintiff filed a response on November 26, 2013. (ECF No. 22). On December 13, 2013, LMS filed a Reply Brief in Support of the Motion to Dismiss. (ECF No. 28).

On November 27, 2013, Defendant Capstone Logistics, LLC., filed its Motion to Dismiss, ECF No. 23, to which Plaintiff filed a response on December 26, 2013. (ECF No. 30). For the following reasons, the Court finds that both motions to dismiss should be DENIED.[1]

---

[1] On October 2, 2013, Plaintiff filed his original complaint, the subject of the pending Motions to Dismiss in this case.  The Motions to Dismiss were filed on November 1, 2013 and on November 27, 2013. (ECF No. 13 and  ECF No. 23).  Without

# I. FACTUAL BACKGROUND

According to the complaint, Defendant LMS Intellibound, LLC, ("LMS"), is a subsidiary of Capstone Logistics, LLC ("Capstone"), both operating as third-party warehouse servicers for businesses engaged in the logistics industry. (Complaint, ECF No. 1, ¶19; Corporate Statement, ECF No. 16). Plaintiff was hired as a non-exempt "unloader" or "lumper" in June 2011 by the Defendants where he primarily unloaded goods from trucks until August 2012. (Complaint, ECF No. 1, ¶¶ 20-22). Plaintiff asserts that, although he worked more than forty hours a week, his pay was commission-based according to the number of trucks or the total weight of the items unloaded. (Complaint, ECF No. 1, ¶22). Plaintiff further asserts that since June 2011, he has regularly worked and continued to work over forty hours a week and has never been fully compensated for the total hours he actually worked in violation of Title 29 U.S.C. §207. Plaintiff also alleges that Defendants failed to pay overtime at the required time and one half rate. (Complaint, ECF No. 1, ¶¶ 25-27a, and ¶27b). Within the complaint, Plaintiff also alleges that Defendant has wilfully and knowingly failed to maintain proper time records. (Complaint, ECF No. 1, ¶27c, ¶44).

Lastly, Plaintiff claims that Defendant employs other similarly-situated employees across the nation. (Complaint, ECF No. 1, ¶¶30-33). Thus, in addition to the claims Plaintiff raises on his own behalf, he contends that all employees classified as non-exempt unloaders and lumpers who work for Defendants nationwide and perform the same or similar duties are similarly under-compensated for the overtime hours worked in excess of the forty hour work week. (Complaint, ECF No. 32, ¶¶32-35). Accordingly, Plaintiff alleges that Defendants have employed others who

---

leave of Court, Plaintiff filed an Amended Complaint on January 3, 2014, well past the 21 days allowed for leave as a matter of course pursuant to Fed. R. Civ. P. 15(a) and almost two months after Defendants' Rule 12(b)(6) motions. Therefore, Plaintiff's Amended Complaint will not be considered by the Court in this ruling.

also have been wrongfully denied compensation of time and one half their regular base rate for their overtime hours. Plaintiff states that Defendants have knowingly, wilfully or with reckless disregard, failed to adequately compensate these employees and has also failed to maintain proper time records for all of these employees in violation of the FLSA. Therefore, Plaintiff seeks to pursue an opt-in collective action on behalf of all non-exempt unloaders and lumpers nationwide who have worked for Defendants during the past three years pursuant to 29 U.S.C. §201, *et seq.*  (Complaint, ECF No. 1, ¶¶34-35 and ¶¶37-39).

## II. **JURISDICTION**

The federal district courts have original jurisdiction of all actions filed pursuant to the Fair Labor Standards Act ("FLSA"), despite the amount in controversy, because these claims exist under an Act of Congress regulating commerce.  29 U.S.C. §§201 e*t seq*. and 29 U.S.C. §216(b). Plaintiff alleges the Defendants have denied him and others of a constitutionally protected right to compensation for all hours worked, for overtime pay for all  hours worked in excess of the forty (40) hour work week, and for the failure to maintain proper work records, all violations of FLSA.   *Robertson v. Argus Hosiery Mills*, 121 F.2d 285, 286-287 (6th Cir. 1941) and *Buckles v. Morristown Kayo Co*, 132 F. Supp. 555, 556  (E.D. Tenn. 1955).

## III. **LEGAL STANDARD**

A party may move to dismiss a case for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). In order to survive a Rule 12(b)(6) motion, the complaint must contain allegations supporting all material elements of the claims. *Bishop v. Lucent Techs, Inc.,* 520 F.3d 516, 519 (6th Cir. 2008).  A plaintiff must provide a short and plain statement of the claim showing an entitlement to relief and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  See Fed. R. Civ. P. 8(a)(2).   Specific

facts are not necessary; the statement needs to only give the defendant fair notice of the claim and the ground upon which it rests. *Keys v. Humana, Inc*. 684 F.3d 605, 608 (6th Cir. 2012) quoting, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

When determining whether to grant a motion to dismiss pursuant to Rule 12(b)(6), the Court will construe the complaint in a light most favorable to the plaintiff, accept all well-pleaded allegations as true and determine whether there are any set of facts in support of the claim that would entitle him to relief. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). Detailed factual allegations are not required. However, a party must provide more than labels and conclusions. *Twombly*, 550 U.S. at 555. The so-called *Twombly/Iqbal* standard requires the trial court to scrutinize and weigh the facts to determine if they present a plausible claim. If the court determines, in light of its judicial experience and common sense, that the claim is not plausible, the case may be dismissed at the pleading stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## IV. <u>ANALYSIS</u>

The Fair Labor Standards Act, ("FLSA"), was enacted by Congress to ensure that employers compensated their employees for their "wear and tear" for working in excess of the statutory maximum number of hours. *Wood v. Mid-Am. Mmgt. Corp*., 192 F. App'x 378, 379 (6th Cir. 2006). The Supreme Court has defined "work" as the physical or mental exertion (burdensome or not) that is controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his business. *Chao v. Akron Insulation & Supply, Inc.*, 184 Fed. Appx. 508, 510 (6th Cir. 2006) (*per curiam*) citing, *Tenn. Coal, Iron & R. Co. v. Muscoda Local No*., 321 U.S. 590, 598 (1944). The Act requires that employers compensate their employers for any hours worked in excess of forty hours per week at a rate of time-and-a-

4

half.  *Thomas v. Speedway SuperAmerica, LLC*, 506 F.3d 496, 501 (6th Cir. 2007); *Schaefer v. Ind. Mich. Power Co.*, 358 F.3d 394, 399 (6th Cir. 2004) *both citing,* 29 U.S.C. §207(a)(1). However, parties employed in executive, administrative, professional or outside sales positions are exempt from the FLSA's overtime payment requirements.  29 U.S.C. §213(a)(1).  *Hopkins v. Chartrand*, No. 13-3964, 2913 WL 2109219, *2 (6th Cir. 2014); *Elwell v. University Hospitals Home Care Services*, 276 F.3d 832, 837 (6th Cir. 2002).  The Plaintiff initially bears the burden to show that the employees performed work for which they were not paid.  *Herman v. Palo Group Foster Home*, 183 F.3d 468, 472 (6th Cir. 1999); *U.S. Dep't of Labor v. Cole Enters., Inc.*, 62 F.3d 775, 779 (6th Cir. 1995).

Title 29 U.S.C. Section 207 provides:

> **(a) Employees engaged in interstate commerce; additional applicability to employees pursuant to subsequent amendatory provisions**. (1)  Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek, longer than forty hours unless such employee receives compensation for his employment in excess of the hours worked above specified at a rate not less than one and one-half times the regular rate at which he is employed.
> . . . .
> (A) for a workweek longer than forty-four hours during the first year from the effective date of the Fair Labor Standards Amendments of 1966 [effective Feb 1, 1967],
> (B) for a workweek longer than forty-two hours during the second year from such date, or
> (C) for a workweek longer than forty hours after the expiration of the second year from such date . . . .

### I. DEFENDANT LMS INTELLIBOUND'S MOTION TO DISMISS

Defendant LMS Intellibound, LLC, ("LMS") filed its Motion to Dismiss pursuant to Fed.

R. Civ. P. 12(b)(6) on November 1, 2013.[2] (Def.'s Motion, ECF No. 15). Defendant contends that Plaintiff has failed to meet the *Twomby/Iqbal* pleading standard in order to survive a Rule 12(b)(6) motion to dismiss. Specifically, Defendant asserts that Plaintiff's FLSA complaint should be dismissed because he does not provide any supportive factual detail nor does he state how or why Defendant allegedly paid him for substantially fewer hours than he actually worked. By listing the following examples, Defendant contends that Plaintiff's complaint should be dismissed because it does not: 1) specify whether Defendant made improper or unlawful deductions from the hours he allegedly worked or improperly modified his time cards; 2) indicate whether Plaintiff was required to work off the clock and if so, who ordered him to; 3) assert how many hours he allegedly worked and how many hours for which he was not compensated. Essentially, Defendant contends that Plaintiff has merely asserted conclusory and self-serving allegations that fail to establish a sufficient FLSA claim on behalf of himself and a nationwide putative class action. (Defendant's Motion, ECF No. 15, and Memorandum, ECF No. 15-1, p. 2).

In response, Plaintiff argues that he has satisfied the low pleading burden of Fed. R. Civ. P. 8(a) and the FLSA notice pleading standard required by the Sixth Circuit. (Plaintiff's Response, ECF No. 22). Plaintiff further asserts that he has far exceeded his burden by alleging the required elements in his complaint: 1) Defendants' failure to pay overtime compensation and 2) Defendants' failure to keep proper payroll records in accordance with the Act. *See* 29 U.S.C. §§ 206, 207, 215(a)(2) and (5). (Response, ECF No. 22, pp. 4-8). Finally, Plaintiff asserts that under *Myers v. Cooper Cellar Corp.*, 192 F.3d 546, 551 (6th Cir. 1999), he need not allege with specificity the number of hours for which he was not paid, otherwise known as damages, within

---

2 Defendant Capstone Logistics, LLC had not yet been served at the time that LMS filed its Motion to Dismiss. Accordingly, Capstone adopted the Motion to Dismiss in order to file a responsive pleading. (ECF No. 15-1, p. 1 n.1)

the complaint.  (Plaintiff's Reply, ECF No.  22, p. 6). The Court agrees and finds that Defendant LMS' Motion to Dismiss should be denied for the following reasons.

1. **<u>Plaintiff's Failure to State a Claim Upon Which Relief May be Granted</u>**

In order to establish a claim under the FLSA for failure to pay overtime compensation and/or minimum wages to covered employees and/or for failure to keep payroll records in accordance with the FLSA, a plaintiff must allege facts sufficient to prove:

> 1) the existence of an employer-employee relationship;
>
> 2) the employee's acts which are protected by FLSA, or for work that involves some kind of interstate activity;
>
> 3) the employer's failure to pay the employee overtime; and
>
> 4) where claim is for and on behalf of others similarly situated, who those others are and facts that would entitle them to relief

*Monroe v. FTS USA, LLC,* No. 2:08-CV-02100-BBD-DK, 2008 WL 2694894, at *3 (W.D. Tenn. July 9, 2008).

Plaintiff's complaint adequately asserts the first element – the existence of an employer-employee relationship.  Plaintiff states that he was employed by the Defendants from June 2011 until August 2012.  (ECF No. 1, ¶7 and ¶42).  Plaintiff also explained that in his employment, he was classified as a "non-exempt" employee who unloaded trucks.  Moreover, the complaint provides that "[a]t all times material hereto, Plaintiff was an "employee" of the Defendants within the meaning of FLSA," and that "the work performed by Plaintiff [was] directly essential to the business performed by Defendants."  (Complaint, ECF No. 1, ¶¶7, and 18).

In *Dunlop v. Dr. Pepper- Pepsi Cola Bottling Co., Etc*., 529 F.2d 298 (6th Cir. 1976), the Court stated that an employment relationship is based on the total relationship between the

7

parties with careful consideration given to the person's economic dependence on the purported employer and whether the person's work is an integral part of the employer's operations. *Id.* at 301. Plaintiff clearly alleges his work was "essential" to the Defendants' business operations. (Complaint, ECF No. 1, ¶18). Further, the relief sought is payment for all overtime hours he and others had performed, clearly establishing his dependency on the compensation received from the defendants. The first element is clearly alleged in the complaint.

Plaintiff has satisfied the second element by the simple assertion that "Defendants had employees who regularly handled and unloaded items including produce, canned goods, dog food, baked goods, garden tools, household products, and cleaning products that had previously travelled through interstate commerce." (ECF No. 1, ¶14). The complaint further provides that at all times relevant to this case, Plaintiff was engaged in the commerce and the production of goods for commerce, thereby subject to individual coverage of the FLSA. (Complaint, ECF No. 1, ¶¶6, 15 and 16). Also, Plaintiff alleges that Defendants were and continue to be enterprises engaged in commerce and engaged in the production of goods for commerce within the meaning of FLSA. (Complaint, ECF No. 1, ¶¶11 and 12). If a substantial part of an employee's activities relate to goods whose movement is through interstate commerce, the employee is covered by the FLSA. *Walling v. Jacksonville Paper, Co.,* 317 U.S. 564, 572 (1943). Without question, this element has been met.

Plaintiff's complaint also satisfies the third element by alleging violations of the FLSA - Defendants' failure to pay for all overtime hours and Defendants' wilful failure to keep adequate records. Plaintiff asserts that he worked in excess of 40 hours for which he was not paid. Plaintiff states Defendants systematically continue to not pay him for these hours. (Complaint, ECF No. 1, ¶¶23-27c). Plaintiff also alleges that Defendants' violations were wilful based on

Defendants' failure to pay the correct wages upon demand. (ECF No. 1, ¶¶29). The Supreme Court has explained that a FLSA violation is wilful if the employer either knew or showed reckless disregard for whether its conduct was prohibited. *Elwell v. University Hospitals Home Care Services*, 276 F.3d 832, 842 (6th Cir. 2002), *citing McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988).

Finally, Plaintiff asserts his intention to pursue his case as a collective action on behalf of other similarly-situated employees. In doing so, Plaintiff specifically alleges that there are other persons employed nationwide by the Defendants in non-exempt positions as "lumpers" and "unloaders" who are compensated in the same manner and therefore also owed overtime wages. (ECF No. 1, ¶¶30-37). The complaint clearly provides that these employees have worked over forty hour workweeks without pay at the rate of time and one half. *Id.* The complaint also alleges that the failure to pay and to keep time records for these employees was wilful and in violation of the FLSA. (ECF No. 1, ¶¶35-39).

Defendant's argument that Plaintiff's complaint has failed to state a claim for which relief may be granted under the FLSA is without merit. Plaintiff has properly alleged in his complaint the elements comprising an FLSA claim for failure to pay overtime wages, notably - the existence of an employee/employer relationship; the employer's engagement in interstate commerce; and violation of the FLSA by wilfully failing to pay overtime and keep adequate time records. He has also satisfied the additional element for a possible conditional class action by alleging that Defendants employ other similarly situated persons who have also suffered similar FLSA violations.

2. **Plaintiff Fails to Set Out Factual Allegations Supporting the FLSA Claims**

Secondly, Defendant asserts that even if Plaintiff has established the existence of an

employee-employer relationship, Plaintiff's complaint fails to set out plausible facts in support of his FLSA claims that rise above mere speculation. Defendant contends that Plaintiff has failed to identify how they systemically and continually paid Plaintiff and others for fewer hours than they actually worked or how many hours he and the others potential class members have actually worked. (Defendant's Motion and Memorandum, ECF No. 15-1, pp. 4-5). Defendant contends that without some factual support, Plaintiff's "bare-bones allegations" are insufficient to support his claims of FLSA violations and should be dismissed. (*Id*. pp. 5-6).

In its reply brief, Defendant LMS further contends that Plaintiff's theory regarding notice pleading and unnecessary factual detail is novel in FLSA claims and unsupported by case law in this district. (Defendant's Reply Memo, ECF No. 28, pp. 2-3). Citing *Thompson v. Direct General Consumer Products*, *Inc.,* No. 3:12-CV-1093, 2014 WL 884494 (M.D. Tenn. March 5, 2014), LMS argues that a factual basis for the FLSA claims is required in order for the complaint to survive a Rule 12(b)(6) motion to dismiss.[3] LMS asserts that, although the Sixth Circuit has not addressed this issue, the First and Second Circuits have ruled that the Plaintiff must at least allege how many hours he has been denied compensation. *Pruell v. Carias Christi*, 678 F.3d 10, 12 (1st Cir. 2012)(some factual allegations required) and *Lundy v. Catholic Health System of Long Island, Inc*., 711 F.3d 106, 114 (2nd Cir. 2013). Particularly, LMS asserts that Plaintiff incorrectly relies on the *Twombly/Iqbal* standard by arguing that recently published case law requires more factual detail than the mere recitation of conclusory allegations. (Reply, ECF No. 28).[4]

---

[3] LMS also notes that Plaintiffs' counsel in the *Thompson* case is the same counsel in this matter, noting the similarity in language used in the pleadings.

[4] As previously mentioned, Defendant cites case law from other circuits and districts contending that the Sixth Circuit has not yet addressed this issue. *Zhong v. August Corp*., 498 F.Supp.2d 625, 628 (S.D.N.Y. 2007); Jones v. Casey General Stores, 538 F.Supp2d 1094, 1102( S.D. Iowa 2008) and Harding v. Time Warner, Inc., No. 09-1212, 2010 U.S.Dist. LEXIS 5986, at 8812-15 (S.D. Cal. Jan. 26, 2010).

Upon review of the authority cited by the parties, the Court finds Plaintiff's complaint sufficiently alleges facts in support of the FLSA claims. In *Thompson*, two insurance agents sued their former employers for failing to factor commissions earned into their regular rates in determining overtime payments. *Thompson v. Direct General Consumer Products*, Case No. 3:12-cv-1093, 2014 WL 884494, *3 (M.D. Tenn. March 5, 2014). The plaintiffs alleged the companies had violated the FLSA and refused to pay overtime compensation that included the commissions earned in their base rate and thus, they were undercompensated. In other words, the overtime payments were only based on the plaintiffs' regular rate of pay instead of their regular rate plus commission when computing time and one half.[5] The plaintiffs amended the complaint adding that: 1) the hours were based only on the rate of pay when computing overtime and 2) their managers and supervisors had advised them to clock out and work overtime at certain times in order to keep overtime down; and 3) that the employer management and policy plans intentionally provided for a compensation plan in violation of the FLSA. However, other than the employee affidavits, there were no more distinctive factual allegations proffered in plaintiffs' complaint in support of their FLSA claims than in the case at issue. The Middle Tennessee District Court indirectly addressed the adequacy of the pleadings issue by allowing the class to be conditionally certified and limiting the scope of the class to parties employed by the named Defendants and to those who had submitted the ten affidavits. *Id.* at *5. The same method may be utilized in this case, should the Court order a conditional class certification.

In this instance, the Plaintiffs did not specify how many hours they were due, but instead alleged a failure to pay the time and a half overtime rate as determined by their regular base rate of pay. In *Labbe* v. *Hellenberg v. Integrated Deicing Services*, LLC, No. 10-CV-11364, 2011 WL 317733 *1 (E.D. Mich. Feb. 1, 2011), a Michigan district court observed that in the

---

[5] The Court has reviewed the Complaint filed in that case at 3:12-cv-1093, ECF No. 1, ¶¶ 64-66, 68, 85).

aftermath of *Twombly/Iqbal,* the extensive pleading requirement is no longer required in the context of FLSA claim.  Precise details of the exact hours, the exact amounts in controversy or even the names of other similarly situated employees need not be stated in order to survive a Rule 12 (b)(6) motion in a FLSA claim.  *Id.* at *2.   Likewise, in *Pruell,* a recent First Circuit case cited by Defendant, the Court noted that even while specifics may be lacking, some of the information needed may only be in the defendant's control, i.e. precisely how they determined pay and what specific hours were paid for particular time periods.  *Pruell*, 678 F.3d at 15.  The Court continued that "some latitude has to be allowed where a claim looks plausible based on what is known." *Id.* See also, *Mathis v. Quicken Loans, Inc*., No. 07-10981, 2007 WL 3227598, *5 (E.D. Mich. Sept. 7, 2007)(complaint satisfied the *Twombly* standard where plaintiffs alleged the defendants are employers as defined by the FLSA, briefly described their job functions and alleged  that they routinely worked in excess of forty hours per workweek during the statutory period without overtime compensation).  Accordingly, the Court adopts these rulings that the factual specifics are not required in order to survive a Rule 12(b)(6) motion.

      LMS adds that Plaintiff has failed to properly plead the wilful misconduct, wilful failure to pay and wilful failure to keep proper records claims.  LMS asserts that it is merely insufficient for the Plaintiff to allege that the employer's conduct was wilful without any underlying factual support. (ECF No. 28, p. 7).  LMS contends the Plaintiff must allege purported instances in the complaint, such as rebuffed or ignored instances to supervisors about off the clock work.  Here again, the Court disagrees.  Plaintiff asserts in the complaint that Defendants knew or should have known that pay for the hours worked in excess of forty hours was due.  Further, the complaint provides that Defendants failed to properly disclose or apprise Plaintiff of his rights under FLSA. In fact, Plaintiff infers that there was a management policy or plan that

intentionally allowed for compensation less than required by the Department of Labor. (ECF No. 1, ¶¶45-46, and ¶49).

The Supreme Court has explained that a FLSA violation is wilful if the employer either knew or showed reckless disregard for whether its conduct was prohibited by the statute. *Elwell v. University Hospitals Home Care Services*, 276 F.3d 832, 842 (6th Cir. 2002), *citing McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988). Undisputed evidence that the employer had actual notice of the requirements of the FLSA by virtue of other violations, the agreement to pay unpaid overtime wages and/or assurances of future compliance with the FLSA supports a claim of a wilful violation of the FLSA. *See Herman v. Palo Group Foster Home, Inc*. 183 F.3d 468, 474 (6th Cir. 1999). The Plaintiff asserts that prior to filing this case, he demanded his overtime wages under the FLSA and Defendants refused to comply. (ECF No. 1, ¶29). Based on this allegation, the complaint adequately alleges wilful conduct. *Id.*

Pursuant to the pleading standard established in Fed. R. Civ. P. 8(a), Defendant's arguments are without merit. A simple statement that the employer failed to pay overtime and/or minimum wage to covered employees or failed to keep payroll records is all that is required in order to establish a claim of a FLSA violation. *Elwell*, 276 F.3d at 844; *Monroe ,* 2008 WL 2694894 at *3. Construing the complaint in a light most favorable to the Plaintiff, the Court finds the complaint sufficiently puts Defendants on notice of the nature of the suit and the facts supporting his claim. Again, Plaintiff has alleged that LMS and Capstone were companies engaged in commerce within the meaning of the FLSA. (Complaint, ECF No. 1, ¶¶ 9-12, 15, 18, 20). Plaintiff contends that he was employed by both companies from June 2011 to August 2012. (ECF No. 1, ¶ 20). He adequately describes the time in which he was denied his overtime compensation and sufficiently alleges that the companies wilfully violated the FLSA overtime

pay requirement as well as failed to maintain proper time records all in violation of the FLSA. These claims sufficiently withstand the Defendant's Motion to Dismiss. (ECF No. 1, ¶¶ 41-47).

Furthermore, Plaintiff adequately alleges the same complaints in reference to other similarly situated employees. (ECF No. 1, ¶¶30-39). More information, of course, would have been helpful but the Sixth Circuit merely requires that the employer had actual notice of the FLSA requirements to pay overtime wages and its failure to adhere to them. *Herman,* 183 F.3d at 474. Although the complaint does not provide factual details regarding Plaintiff's allegations, it clearly and adequately alleges FLSA violations under 29 U.S.C. §207, *et seq*.

For the reasons stated above, the Court finds Defendant LMS' motion to dismiss should be **DENIED**.

## II. <u>**DEFENDANT CAPSTONE'S MOTION TO DISMISS**</u>

On November 27, 2013, Defendant Capstone Logistics, LLC, ("Capstone"), filed its motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6).[6] (ECF No. 23). Essentially, Capstone adopts and asserts the same arguments that Defendant LMS presented it its motion to dismiss. (Defendant's Memorandum in Support, ECF No. 23-1). Similarly, Capstone argues that Plaintiff's complaint should be dismissed for three reasons: 1) failure to state a claim for which relief may be granted; 2) failure to set forth sufficient factual detail to support his claims; and 3) failure to allege any facts demonstrating willfulness or reckless disregard. In addition to the same issues raised by LMS in its motion, Capstone likewise relies heavily on rulings from other Circuits to argue that Plaintiff has merely alleged "naked assertions" and legal conclusions without factual support.

Capstone asserts that Plaintiff failed to allege how Defendant did not pay him for all

---

6 As noted previously, Capstone had joined in LMS' motion to dismiss filed on November 1, 2013 because it had not yet at the time been served with Plaintiff's complaint.

hours worked, what compensation is actually owed, whether he was required to work "off-clock," and how the company's actions were wilful. Capstone cites *Twombly* for the notion that in cases involving a potentially massive controversy, Plaintiff must not only assert all the elements needed to sustain a claim under a viable legal theory, but must also state a claim that is plausible on its face. (ECF No. 23-1, pp. 105-106). *Twombly*, 550 U.S. at 558. In conclusion, Capstone argues that numerous courts have held that only stating failure to pay overtime and failure to keep work records are mere conclusions that are not entitled to the assumption of truth.

In response, Plaintiff counters that his complaint has fully satisfied and even exceeded the pleading requirements for a FLSA claim in accordance with Fed. R. Civ. P. 8(a). (Plaintiff's Memorandum of Law in Opposition, ECF No. 30). *Love v. Fleshman Masonry, Ltd*, 2013 WL 5725977, at *4 (S.D. Ohio Oct. 21, 2013) and *Carter v. Jackson-Madison County Hospital Dist.*, 2011 WL 1256625, at *4 (W.D. Tenn. March 31, 2011). Finally, Plaintiff argues that all the cases cited by Defendant are inapposite persuasive authority that should be disregarded.

Finding that Capstone has merely reasserted the same arguments presented in LMS' motion to dismiss, the Court will adopt its extensive analysis above regarding Plaintiff's failure to plead a claim for which relief may be granted and Plaintiff's failure to state enough facts in the complaint to support its claim. As such, Capstone's Motion to Dismiss, ECF No. is also Denied.

For the reasons stated above, the Court finds that Defendants' LMS Intellibound and Capstone Logistics' Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), ECF No. 15 and ECF No. 23, should be **DENIED.**

**IT IS SO ORDERED** on this 5th day of September, 2014.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE