IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL KUTZBACK,<br> individually and on behalf of  himself<br> and others similarly situated,<br><br>                   Plaintiff,<br><br>v.<br><br>LMS INTELLIBOUND, LLC.,<br> a Foreign Limited Liability Company,  and<br>CAPSTONE LOGISTICS, LLC.,<br> a Domestic Limited Liability Company,<br><br>                   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 2:13-cv-2767-JTF-cgc |

ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
GRANTING PLAINTIFF'S MOTION TO CONDITIONALLY CERTIFY CLASS AND TO
FACILITATE NOTICE TO POTENTIAL CLASS MEMBERS

Before the Court is Plaintiff's Motion to Conditionally Certify Collective Action and Facilitate Notice to Potential Class Members filed by Plaintiff on February 18, 2014.  (ECF No. 43). The Defendants filed a Response in Opposition to the motion on March 21, 2014, and a Corrected Response in Opposition to Plaintiff's Motion on April 2, 2014.  (ECF No. 53 and ECF No. 57).  Plaintiff filed a Reply to Defendants' response on April 16, 2014.  (ECF No. 60).  On September 5, 2014, the Court referred the motion to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A).  (ECF No. 63).  On December 16, 2014, the Magistrate Judge issued a Report and Recommendation, recommending that Plaintiff's motion to conditionally certify the class and to facilitate notice be granted. The Magistrate Judge also entered an Order Denying

Plaintiff's Motion to Toll the Statute of Limitations. (ECF No. 68).

On December 30, 2014, Defendants filed Objections to the Magistrate Judge's Report and Recommendation to which Plaintiff filed his Response in Opposition on January 23, 2015. (ECF No. 73). With leave from the Court, Defendants filed a Reply in Support of their Objections to the Report and Recommendation on February 13, 2015. (ECF No. 76 and ECF No. 77).

## I.     FINDINGS OF FACT

The Court adopts the factual history provided in the Magistrate Judge's Report and Recommendation. (ECF No. 68, pp. 2-5). Plaintiff brought this action against the Defendants, employers LMS Intellibound, LLC and Capstone Logistics, LLC, for failure to pay overtime wages in violation of 29 U.S.C. § 207 and for failure to pay wages in violation of  29 U.S.C. § 206 of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. Plaintiff seeks to conditionally certify a class of all Uploaders employed by the Defendants during the past three years in 239 or more nationwide locations.[1]

## II.     STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(B),  a district court may refer nondispositive pretrial matters including requests to pursue a class action to a United States Magistrate Judge for report and recommendation.  *See U.S. v. Raddatz*, 447 U.S. 667, 673 (1980), *Callier v. Gray*, 167 F.3d 977,

---

[1]   In support of his motion, Plaintiff contends that all of these employees were similarly compensated on a production basis.  As a result, Plaintiff asserts the prospective class was denied proper compensation, both minimum and overtime wages, for all hours worked.  Defendants oppose Plaintiff's motion to pursue this matter as a collective action on four grounds: 1) that the potential class members are not similarly situated nor are they victims of a common policy or plan that violates FLSA; 2) that Plaintiff is not similarly situated to the purported class members; 3) that a collective action on Plaintiff's claims would not be manageable; and 4) that Defendants' declarations directly discredit the allegations asserted in Plaintiff's declarations, thereby proving them insufficient to justify the expenses of the proposed collective action. (ECF No. 53, pp.  8-10, pp. 21 - 32, ECF No. 57, ECF No. 57-1, pp. 17-26, ECF No. 69, pp. 11-24, ECF No. 77, pp. 1-8). If the motion is granted, there could be 25,000 collective action members based on the number of employees nationwide at all of Defendants' 262 wor
sites.

980-81 (6th Cir. 1999), and *Hardesty v. Litton's Market and Restaurant, Inc*., No. 3:12-CV-60, 2012 WL 6046697, n*1 (E.D. Tenn.  2012). Section 636 (b)(1)(A) provides that the district court may reconsider a referred pretrial matter "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  *See Baker v Peterson*, 67 F. App'x, 308, 311 (6th Cir. 2003)("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures.")  *See also Guiden v. Leatt Corp*., No. 5:10-CV-00175, 2013 WL 4500319, *3 (W.D. Ky.  Aug. 21, 2013).  Similarly, L.R.72.1(g) provides that the presiding judge may reconsider any order determining a pretrial matter where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. The standard does not permit the district court to reverse a magistrate judge's finding merely because it would have decided the matter differently.  *Sedgwick v. F.A.B.E. Custom* Downstream *Systems, Inc*., Case No. 13-cv-10485, 2014 WL 4658303, *1 (E.D. Mich.  2014), *citing Anderson v. City of Bessemer City, N.C*., 470 U.S. 564, 573 (1985).

Finally, a conditional order approving notice to prospective co-plaintiffs is a nondispositive order subject to the clearly erroneous standard of review.[2]  *Comer v. Wal-Mart Stores, Inc*., 454 F.3d 544, 548-49 (6th Cir. 2006).   *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd* 19 F.3d 1432 (6th Cir. 1994); and Fed. R. Civ. P. 72(a).

---

[2]  Defendants assert that the Court is required to review *de novo* the Magistrate Judge's report and recommendation because the issue at hand is collective action certification.  (Objections, ECF No. 69, pp. 10-11 and Reply in Support,  ECF No. 77, p. 3).  However, the proper standard is a review for *clear error* because an order approving conditional certification and notice to prospective opt-in plaintiffs is a nondispositive ruling under 29 U.S.C. § 216. *Cohen v. Beneficial Indus. Loan Corp*., 337 U.S. 541, 545-46(1949).  A report and recommendation regarding conditional certification and any order adopting that recommendation is not final and irrevocable.  The *Cohen* test allows collateral review of these rulings if the following four factors exist:

    1)  the order conclusively determines a disputed question;

    2)  the question at issue is separate and apart from the merits of the action;

    3)  the matters decided in the order at issue will be effectively unreviewable on appeal from a final judgment; and

    4 )  the matter is not "tentative, informal, or incomplete."

*Cohen*, 337 U.S. at 545-46;  *Manion v. Evans*, 986 F.2d 1036, 1038 (6th Cir. 1993); *Comer,* 454 F.3d at 548.

### III. ANALYSIS

In the Sixth Circuit, the determination whether a Plaintiff is similarly situated to other potential opt-in members is a two-step process.  The first step is at the beginning of discovery, and the second is after discovery has completed.  District courts usually employ a fairly lenient standard that usually results in conditional certification.  It is at this first stage that we stand. *Comer,* 454 F.3d at 546. *See also O'Brien v. Ed Donnelly Enterprises, Inc.,* 575 F.3d 567 (6th Cir. 2009).

Employees can sue in their own behalf and on behalf of similarly situated persons.[3] *Hoffmann-LaRoche, Inc., v. Sperling*, 493 U.S. 165, 167-68 (1989). The district court may authorize notification of similarly situated employees to allow them to opt-into the lawsuit. *Id.* at 169.  However, the court must first consider whether the plaintiffs have shown that the employees to be notified are in fact similarly situated. *See Comer,* 454 F.3d at 546.[4]

The Magistrate Judge determined that Plaintiff has satisfied the modest factual showing that his position is similar to the other potential opt-in plaintiffs. (ECF No. 68, pp. 15-18, 20-22).  By demonstrating that Plaintiff and other potential opt-in employees were similarly compensated and that all had allegedly worked while off the clock without compensation, Plaintiff met the lenient standard for conditional certification. *See Comer v. WalMart Stores, Inc*. 454 F.3d at 546; and *Monroe v. FTS USA, LLC*, 257 F.R.D. 634, 639 (W.D. Tenn.  2009)(plaintiff's evidence on a motion for conditional class certification is not required to meet the same evidentiary standards applicable to motions for summary judgment because there is no possibility of final disposition at the conditional certification stage).

---

[3] At the time of this ruling, ten other plaintiffs had opted to join in the lawsuit.  (ECF No. 33, ECF No. 61, ECF No. 66 and ECF No. 72).
[4] However, various courts do require a showing that plaintiff and the putative plaintiffs were victims of a common policy of plan that violates FLSA. *Frye*, 495 F. App'x. at 672.

Defendant has raised three primary objections to the Magistrate Judge's Report and Recommendation: 1) that Plaintiff could not obtain conditional certification without showing that Defendants enforced a common compensation policy or plan in violation of the law; 2) that Plaintiff was not similarly situated to the potential collective action members and, 3) that nationwide certification of this collective action, if granted, should be limited only to the five worksites from which Plaintiff has offered evidence. (Objections, ECF No. 69, pp. 11, 18-20, Defendants' Reply in Support,  ECF No. 77, pp. 3-5).

After a complete review of the record in this case, including the Report and Recommendation and the objections and responses thereto, the Court finds the Magistrate Judge's Report and Recommendation is not clearly erroneous and should be ADOPTED.

## I.        A Common Policy or Plan in Violation of FLSA

The Defendants' assert that Plaintiff must show a common policy or plan in violation of the FLSA in order to obtain conditional certification.  They object to the Magistrate Judge's finding that Plaintiff's showing of a common plan or policy that violated the FLSA was sufficient.  (ECF No. 69, pp. 11-20 and ECF No. 77, pp. 3-6).  Defendants contend that the Magistrate Judge incorrectly relied on dicta in *O'Brien,* 575 F.3d at 584-85 and "eviscerated the standard for conditional certification."   Plaintiff responded that he has produced abundant evidence of Defendants' common policy that resulted in Unloaders working for less than minimum wage, or required them to work off the clock without pay.  (ECF No. 73, pp. 11-13).

The Magistrate Judge examined all of the evidence presented, and found that the Unloaders were similarly situated and were subject to Defendant's common scheme or policy. The scheme caused Unloaders to work for less than minimum wage or receive no pay at all for overtime, which violates 29 USC §§ 206 and 207. (ECF No. 68, pp. 6-7, 15-16, 20-21).  *See*

*O'Brien v. Ed Donnelly Enterprises, Inc.,* 575 F.3d at 567 (class decertification was affirmed but the decision granting summary judgment for defendant was reversed). *O'Brien* cited*, Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 n. 8 (5th Cir. 1995), *overruled on other grounds by Desert Place, Inc. v. Costa*, 539 U.S. 90 (2003),  which clarified that at the notice stage, many courts require only a modest factual showing that the named plaintiff and the putative plaintiffs together were victims of a common policy or plan that violated the law. *O'Brien,* 575 F.3d at 584.   Ultimately, *O'Brien* ruled that plaintiff had failed to establish that she was similarly situated to the other potential opt-in plaintiffs or that she had suffered any unlawful practices under the FLSA.  *See O'Brien,* 575 F.3d at 572.

In this case, the Magistrate Judge properly adhered to the standard adopted by the Sixth Circuit by determining that Plaintiff and the other potential opt-in parties are similarly situated and subject to a common policy or practice that violate FLSA.   After considering the job postings provided by Plaintiff, as well as the listing on Defendants' website, the Magistrate Judge concluded that all Unloaders employed by the Defendants performed the same or similar jobs and were compensated by a production-based method.  (ECF No. 68, p. 9-10).[5]  The core job description is that the Plaintiff and other potential Plaintiffs "unload products from trucks at warehouse facilities, although the type of product varies greatly depending upon the facility and shift." *(Id.)*. Additionally, they were also subject to similar compensation schemes. (*Id*. at 11-12). The Magistrate Judge determined that the Defendants' methods of implementing a production based compensation policy is possibly a violation of FLSA.  (ECF No. 68, pp. 20-22).  Although workers were paid on a production basis, they were also required to arrive early to perform their

---

[5] The Report and Recommendation explicitly refers to all 226 job postings from 169 locations from upwards of 30 states that were provided by the Plaintiff as well as all of the Declarations submitted by both parties.   (ECF No. 68, p. 9, Defendants' Declarations, ECF No. 53-1, ECF No. 53-2, ECF No. 53-16 through ECF No. 53-47,  and ECF No. 53-50).

pre-shift checks, and stay late until their work was completed.  Thus, the off the clock hours they actually worked resulted in unpaid overtime or sub-minimum wage pay.

Defendants object that Plaintiff's FLSA claim is actually that the managers unlawfully clocked out the Unloaders while they continued working, not that the Defendants' method of compensation is unlawful. (ECF No. 69, pp. 15-16).  However, Plaintiff also claims that the Defendant's policies require employees to work off the clock, resulting in uncompensated or undercompensated labor.  The Magistrate Judge correctly determined that the plaintiff and prospective opt-in parties were similarly situated because every Unloader's compensation is based upon production and possibly denying them full compensation for all of the hours worked. (ECF No. 68, p. 21).

Defendants' objection that no common policy or plan in violation of FLSA exists is overruled.

## II.    Plaintiff is Not Similarly Situated to the Other Potential Opt-In Plaintiffs

Defendants object to the Magistrate Judge's finding that Plaintiff is similarly situated to the other Unloaders employed by the Defendants in its various locations across the nation.  (ECF No. 69, pp. 15-20 and ECF No. 77, pp. 2-3).  In particular, Defendants object that the Magistrate Judge failed to find potential collective action class members who similarly work off the clock without pay. In support of this objection, Defendants submit that 17 of the 23 declarations submitted by Unloaders as well as nine (9) manager declarations dispute Plaintiff's allegations. Defendants argue that the job postings and "copy-cat" allegations provided by the Plaintiff do not provide evidence of a nationwide group of similarly situated employees.  (ECF No. 77, p. 2). This objection is also unpersuasive.

Not only did the Magistrate Judge determine that Plaintiff and the proposed opt-in

Plaintiffs were subject to a common policy or plan that violated FLSA, she also found that any factual differences or particularities regarding their work place environments are prematurely raised during the discovery phase of a prospective FLSA collective action. (ECF No. 68, pp. 15-16).   In other words, the Magistrate Judge correctly determined that based on *O'Brien*, factual and employment disparities are not obstacles to conditional certification.  *See O'Brien*, 575 F.3d at 584; 7B Wright, Miller & Kane §1807 at 497 n. 65.[6]  After a review of all the declarations, job descriptions and compensation methods, the Magistrate Judge correctly found that Plaintiff has satisfied the modest factual showing that he and the putative plaintiffs are similarly situated, have the same job descriptions, similar production-based compensation, and therefore, suffered similar FLSA policy violations for failure to pay minimum and overtime wages for time worked. *See White v. MPW Industrial Services, Inc*., 236 F.R.D. 363, 367 (E.D. Tenn. 2006).

During the notice stage, a plaintiff merely needs to demonstrate that his position is similar, not identical to positions held by the putative class members.  *Comer v. Wal-Mart*, 454 F.3d at 547.  Therefore, the Magistrate Judge's determination that Plaintiff and the proposed opt-in class members are similarly situated is not clearly erroneous.  Defendants' objection to this finding is also overruled.

### III.   Nationwide Certification Should Be Limited

Defendants lastly object to the Magistrate Judge's Report and Recommendation that the Court facilitate notice to all potential opt-in plaintiffs employed by Defendants nationwide during the past three years. Defendants contend that this conditional certification would be overly broad and unmanageable.   (ECF 69, pp. 9, 15-17, 20-25 and ECF No. 77, p. 6). Defendants' dispute that the two cases cited in the Report and Recommendation justify a nationwide conditional certification in this case. *See Sniffen v. Spectrum Industrial Services*,

---

[6] ECF No. 68, p. 17.

2007 WL 1341772, at *1-2 (S.D. Ohio Fed. 13, 2007) and *Parr v. Hico Concrete, Inc.* 2011 WL 3293391, at *3 (M.D. Tenn. Aug. 1, 2011).  (ECF No. 69, pp. 20-21).  Defendants submit that the Magistrate Judge ignored their objections to the proposed scope of the collective action. (ECF No. 69, pp. 21-22).  Defendants contend that they raised objections to the proposed collective action as "far beyond the scope of the evidence presented by Plaintiff and [was] "wildly-overbroad."  (*Id.*)  Instead, Defendants propose that should the Court grant conditional certification, the collective action should be limited to the five work locations that Plaintiff and the opt-ins have personal knowledge.  (ECF No. 69, pp. 22-24).

 In response, Plaintiff contends that the proposed class is not overly-broad.  Plaintiff asserts that the class will not be the 25,000 prospective collective action members because it is limited to only production-paid Unloaders, instead of all of the warehouse workers employed by Defendants nationwide. (ECF No. 73, pp. 3-4).  Plaintiff responded that the Magistrate Judge properly indicated that any factual disparities regarding the Plaintiffs' workplaces and any need to distinguish and exclude prospective opt-in parties from the class would arise during the decertification stage instead of during the discovery or notice stage.  (ECF No. 68, p. 6).

Regarding the legal authority cited within the Report and Recommendation, Defendants argue that the *Parr* case is irrelevant and unpersuasive because the defendant in that case did not dispute whether the plaintiffs were similarly situated or that the purported class involved multiple locations.  (ECF No. 69, p. 21).  However, the Court finds the Magistrate Judge correctly cited *Parr* for the theory that the parties' conflicting affidavits do not defeat conditional certification in an FLSA collective action.  (Report and Recommendation, ECF No. 68, p. 19). In fact, the *Parr* court conditionally certified a collective action for "***all*** hourly employees of Defendant during the past ***six years*** who were subject to Defendant's practice of working

employees off the clock." *Parr v. Hico*, 2011 WL 3293391 at \*4 (*emphasis added*).[7]

Defendants contest the *Sniffen* case because the facts in Plaintiff's complaint and the supporting affidavits were undisputed and it is also unknown in that case whether multiple worksites were involved. *See Sniffen v. Spectrum Industrial Services,* No. 2:06-CV622, 2007 WL 1341772 (S.D. Ohio. Feb. 13, 2007). The Report and Recommendation in this matter cited both *Sniffen* and *Parr* for the premise that conditional certification was granted based on claims raised by a small number of employees. The Magistrate Judge underscored these cases because both parties in this matter have offered declarations from only a small fraction of the total number of plaintiffs who may ultimately be involved. (ECF No. 68, pp. 18-19).

As noted in the Report and Recommendation, Plaintiff "narrowly tailored" the collective action to Unloaders within the past three years for whose compensation is based on production. (ECF No. 68, pp. 12, 20). The undersigned Court will explore during the second or "decertification" stage of a FLSA collective action: 1) the disparate factual and employment settings of the individual opt-in plaintiffs; 2) the various defenses available to the defendants in reference to each plaintiff; and 3) any fairness and procedural considerations. *Creely v. HCR ManorCare, Inc*., 789 F.Supp.2d 819, 823 (N.D. Ohio 2011).

Defendants incorrectly assert that the Magistrate Judge ignored twenty (20) of their thirty-two (32) declarations. The Report and Recommendation clearly points to declarations offered by both parties. (ECF No. 68, pp. 3, 7-12, 14-15).[8] It appears to this Court that the Magistrate Judge conducted an extensive review, considered the entire record prior to issuing her Report and Recommendation, and the recommendations are not clearly erroneous or contrary to

---

[7] Defendants correctly argue that the defendants in *Parr* did not dispute that the potential opt-in plaintiffs were similarly situated nor is it indicated that the Defendant employers had nationwide locations. *Parr,* 2011 WL 3293391 at \*3.

[8] Within the report and recommendation, the Magistrate Judge explicitly refers to the Defendants' declarations by exhibit number in the record with summaries of the content of these declarations. (ECF No. 68, pp. 14-15).

law.   The Defendants' objection to the conditional certification for all Unloaders employed by Defendants nationwide is overruled.

Therefore, the Court adopts the Magistrate Judge's Report and Recommendation to conditionally certify the potential class of other Unloaders who have worked for Defendants in any of its 262 nationwide locations anytime during the three year period preceding the date of this order.

Trial courts facilitate court-supervised notice to potential class members in appropriate cases.  *Hoffman,* 493 U.S. at 165, and *Dawson v. Emergency Medical Care Facilities, P.C.,* Case No. 14-1105, 2014 WL 4660804 *2 (W.D. Tenn. 2014).   Adopting the Magistrate Judge's recommendations in this regard, the Court authorizes the Plaintiff to obtain discovery of the potential opt-in plaintiffs contact information: the parties' names, addresses, telephone numbers and social security numbers. (ECF No. 68, pp. 22-25).   The Defendants must provide this information to Plaintiff within thirty (30) days from the entry of this order. Notice by first class mail will be allowed using the proposed Notice provided in the record. Additional notice by email will also be permitted.   Plaintiff will be allowed to send one reminder postcard to the potential opt-in plaintiffs during the opt-in period of sixty days. Finally, the sixty-day opt-in period will begin upon Plaintiff's receipt of the potential opt-in Plaintiffs' contact information.

**IT IS SO ORDERED** on this 25th day of March, 2015.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE