UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**MICHAEL KUTZBACK, individually and
on behalf of himself and all other similarly situated,**

    **Plaintiff**

**v.**                                                                    **No. 2:13-cv-02767-JTF-cgc**
                                                                                 **JURY DEMAND**

**LMS INTELLIBOUND, LLC, a foreign
Limited Liability Company and CAPSTONE
LOGISTICS, LLC a Domestic Limited
Liability Company**

    **Defendants.**

---

## ORDER GRANTING IN PART AND DENYING IN PART
## MOTION FOR ENTRY OF PROTECTIVE ORDER
## AND FOR SANCTIONS

---

Before the Court, by way of Order of Reference (D.E. # 149) is Defendants' Motion for Entry of Protective Order and Sanctions (D.E. # 141) filed on December 15, 2015. Plaintiff filed his Response to the Motion on January 5, 2016 (D.E. # 148). Defendants filed a Motion for leave to reply to Plaintiff's response. (D.E. # 150) That Motion is GRANTED. On February 12, 2016, a telephone motion hearing was held in which Michael Hanna appeared for Plaintiff and Christopher Cascino appeared for the Defendants. Based on the Motion, the Response, Reply, argument at the telephonic hearing and the entire record, the Motion is GRANTED IN PART AND DENIED IN PART.

Defendants move, pursuant to Rules 26(c) and 45 (d), for a protective order quashing 172 subpoenas *duces tecum* to non-parties and for sanctions. Defendants object to

1

1. improper notice by Plaintiff to Defendants by electronic mail
2. notice of the subpoenas one business day prior to the service of the subpoenas[1]
3. undue burden or expense to third parties.

On Friday, December 4, 2015, counsel for Plaintiff emailed counsel for Defendants Notice of Intent to Serve Subpoenas Duces Tecum without Deposition. Later that same day, counsel for Plaintiff emailed counsel for Defendants a 326 page attachment containing the subpoenas. Defendants' initial argument is that service of the notice by email is improper. Service of a written notice by electronic means is permitted if the recipient has consented to service in this manner in writing. Fed. R. Civ. P. 5(b)(2)(E) Defendants rely on this provision without consideration of the Local Rules of the Western District of Tennessee. Local Rule 3.2 refers to the Electronic Case Filing Policies and Procedures Manual which is found at Appendix A to the Local Rules. ECF Policies and Procedures 2.4.A provides in pertinent part that "Any attorney registered as a user of the ECF system is **hereby mandated to accept such electronic service of case-related documents in lieu of the delivery of physical copies."** (emphasis added) The email attached at D.E. # 143-1, p 2 indicates that the email with the Notice attached was sent to Laura Reasons and Christopher Cascino who are both listed as counsel for Defendants and are both registered users of the Western District of Tennessee ECF system. Therefore, service of the Notice by electronic mail is appropriate.

Next, Defendants argue that the notice that they received was not adequate. Rule 45(a)(4) requires a party issuing subpoenas that command the production of documents,

---

[1] Defendants also objected to the issuance of subpoenas to entities that had not been named in the notice such as McLane Foodservice, Inc., McLane Carolina, McLane Mo and MDI NC. (D.E. # 142, p 8) Plaintiff states in his response that the subpoena to McLane Foodservice, Inc. has been withdrawn after consultation and that there be no subpoenas issued to any other entities not identified to Defendants. (D.E. # 148, p 7 note 4)

2

electronically stored information or tangible things to serve notice to each party before the subpoena is served on the person to whom it is directed. According to the Committee Notes, the amendments "are intended to achieve the original purpose of enabling the other parties to object to or serve a subpoena for additional materials." The courts within the Sixth Circuit have consistently refused to take action against the serving party when service of the subpoena prior to notice results in no prejudice to the objecting party. *See*, Goken America, LLC v. Bandepalya, 2014 WL 7392357, at *2 (S.D. Ohio Dec. 29, 2014); Systems Products and Solutions, Inc. v. Scramlin, 2014 WL 3894385, at *6 (E.D. Mich. Aug. 8, 2014). In this case, Defendants admit that they received notice at least one business day prior to service and the filing of this motion within two weeks of receipt of notice clearly indicates no prejudice to Defendants.

Finally, Defendants urge the Court to enter a protective order because "the subpoenas will cause undue burden or expense on third-parties." During the telephone hearing on the motion, Defendants more specifically objected to the requests for the contract between the Defendants and the subpoena recipients (item 1) and requests for surveillance video from October 2010 to the present that records or recorded the time at which certain opt-in Plaintiffs arrived at the subpoena recipients' facilities (item 4). The Court agrees that it would be burdensome to have the subpoena recipients search for video evidence over the past six years. On the other hand, production of the contract documents by the subpoena recipients does not present the same burden and the documents will be treated as confidential documents under an existing protective order in this case, ensuring the protection of any sensitive trade information.

Based on the forgoing, the motion is GRANTED IN PART AND DENIED IN PART. Plaintiff may reissue the subpoenas to the recipients as previously noticed on or after February 19, 2016 and will remove the request for surveillance video as shown at Schedule A, item 4. The request for sanctions is DENIED.

**IT IS SO ORDERED** this 12th day of February, 2016.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE